FILED
COURT OF APPEALS
DIVISION II

2013 APR -9 AM 9: 04

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                              Respondent,<br><br>v.<br><br>KIRK P. McGLONE,<br><br>                              Appellant. | No. 43220-0-II<br><br>UNPUBLISHED OPINION |

VAN DEREN, J. — Kirk McGlone appeals from his conviction for possession of marijuana, arguing that the trial court erred by denying his motion to suppress the evidence of marijuana. We affirm.[1]

In a section of the northbound lane of "U" Street in Pacific County, tree roots had pushed up the pavement, creating three- to six-inch bumps in the road. Washington State Patrol Trooper Jesse Greene patrolled "U" Street on occasion. Whenever he saw a driver cross the centerline of "U" Street into the southbound lane without signaling to avoid the bumps, he would stop the vehicle for violating the rules of the road. He also said that "U" Street is one of the three streets where he finds most of his DUI arrests.

---

[1] A commissioner of this court initially considered McGlone's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

No. 43220-0-II

On April 16, 2011, Greene was following a black Ford Explorer travelling northbound on "U" Street when he twice saw the Explorer swerve into the southbound lane in the area of the bumps. He stopped the Explorer, which was being driven by McGlone. He observed that McGlone had a flushed face, bloodshot and watery eyes, and poor finger dexterity. He also smelled alcohol on McGlone's breath. He arrested McGlone for driving while under the influence of alcohol. He searched McGlone incident to that arrest and found a baggie and two film containers in McGlone's jacket breast pocket. Each contained what appeared to be marijuana. McGlone obtained a search warrant for the Explorer. Greene searched the Explorer and seized a shoe box containing marijuana and pills that proved to be hydrocodone.

The State charged McGlone with possession of marijuana with intent to deliver and with possession of hydrocodone. The trial court denied McGlone's motion to suppress the evidence of the marijuana and hydrocodone because they had been obtained as a result of a pretext traffic stop. The jury acquitted McGlone of possession of marijuana with intent to deliver and of possession of hydrocodone, but convicted him of the lesser-included offense of possession of less than 40 grams of marijuana.

McGlone argues that the trial court erred in denying his motion to suppress because the traffic stop was a pretext for Greene to investigate whether the Explorer was being driven by someone under the influence of alcohol. McGlone does not assign error to the trial court's CrR 3.6 findings of fact, so they are verities on appeal. RAP 10.3(g); *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994); *State v. Picard*, 90 Wn. App. 890, 896, 954 P.2d 336 (1998). This court reviews the CrR 3.6 conclusions of law de novo. *State v. Mendez*, 137 Wn.2d 208, 214, 970 P.2d 722 (1999).

2

Washington citizens hold a constitutionally protected interest against warrantless traffic stops on a mere pretext to dispense with the warrant when the true reason for the seizure is not exempt from the warrant requirement. *State v. Ladson*, 138 Wn.2d 343, 358, 979 P.2d 833 (1999). A pretextual traffic stop occurs when the police "pull[ ] over a citizen, not to enforce the traffic code, but to conduct a criminal investigation unrelated to the driving." *Ladson*, 138 Wn.2d at 349. Whether a given stop is pretextual is based on the totality of the circumstances, "including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior." *Ladson*, 138 Wn.2d at 358-59.

McGlone fails to demonstrate that the traffic stop was pretextual under *Ladson*. In *Ladson*, the police recognized the driver of a car as a drug dealer, according to an "unsubstantiated street rumor." *Ladson*, 138 Wn.2d at 346. The police "shadowed the vehicle" until making a traffic stop on the grounds that the car's license plate tabs had expired five days earlier. *Ladson*, 138 Wn.2d at 346. The police admitted the stop was a pretext for investigating whether the driver was involved in drug dealing. *Ladson*, 138 Wn.2d at 346. The Supreme Court held such an admitted pretextual traffic stop was unconstitutional. *Ladson*, 138 Wn.2d at 358-59.

The facts of this case are instead consistent with those in *State v. Hoang*, 101 Wn. App. 732, 742, 6 P.3d 602 (2000). In *Hoang*, a police officer on routine patrol duty, while parked near a narcotics hot spot, saw a car make a left-hand turn without signaling. 101 Wn. App. at 735. The officer stopped the car, obtained the driver's license, determined the driver's license had been suspended, and then arrested the driver for driving while license suspended. *Hoang*, 101 Wn. App. at 736. The officer's subsequent search incident to arrest located cocaine. *Hoang*, 101

3

Wn. App. at 736. Hoang moved to suppress, citing *Ladson*, but both the superior court and this court concluded the officer had not conducted an impermissible pretext stop:

> [U]nlike *Ladson* and [*State v.*] *DeSantiago*, [97 Wn. App. 446, 451-53, 983 P.2d 1173 (1999)], here, the officer did not follow Hoang hoping to find a legal reason to stop him: Hoang made a left-hand turn without signaling right before the officer's eyes, and the officer immediately pulled him over, just as he would have for any other routine stop for a traffic infraction committed in his presence.
> . . . Under *Ladson*, even patrol officers whose suspicions have been aroused may still enforce the traffic code, so long as enforcement of the traffic code is the actual reason for the stop.

*Hoang*, 101 Wn. App. at 741-42.

"When determining whether a given stop is pretextual, the court should consider the totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior." *Ladson*, 138 Wn.2d at 358-59. Here, like in *Hoang*, Trooper Greene saw a violation occur when he was behind the Explorer; he did not follow the Explorer waiting for a violation to occur, as the officers did in *Ladson*. And he testified that he routinely patrols "U" Street and always stops vehicles that cross the centerline of the street without signaling, in contrast to the officers in *Ladson*, where their specialized gang detail did not include enforcing traffic laws. The trial court, in considering the totality of the circumstances, did not err in concluding that Trooper Greene's stop was not pretextual. Therefore, it did not err in denying McGlone's motion to suppress.

No. 43220-0-II

We affirm McGlone's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

VAN DEREN, J.

We concur:

HUNT, J.

BJORGEN, J.